O’BRIEN, J.
—The action was brought to recover on an acceptance of $950, which defendant gave Jor Hecla powder bought from plaintiff and to be delivered to defendant at Santiago de Cuba. The defendant denied that the powder had been delivered, and set up a counterclaim based upon the plaintiff’s attempt and failure to make delivery as agreed, whereby it suffered damage, as alleged, in the sum of $3,472.49, by way of a fine imposed upon it by the Spanish government, who seized the powder upon its arrival, and put it in the government magazine as contraband. The issues joined by the pleadings were tried, and a jury rendered a verdict in favor of the defendant upon the counterclaim. From the judgment thereupon entered the plaintiff appealed, and a decision was rendered affirming the judgment. The plaintiff now asks for a new trial, • claiming that it has discovered evidence of an actual delivery to and a receipt by the defendant's agents of said powder, and in support of the motion *485 submits the affidavits of Jose Benitz and Antonio Biby, and a copy of a letter from the principal commander of artillery ati Santiago to the present United States consul at that place.
We think the affidavits of Benitz and Biby are insufficient, because neither states that the affiant knows, of his own knowledge, that the lighter which took the powder from the vessel at the port of Santiago belonged to the defendant or its agents, and whether or not they would be willing to appear and swear to any such facts is not stated. They allege, upon information and belief, that the powder was discharged in a Sigua Company’s lighter, and taken to the government magazine, “ as is usual and customary with all importations here of such nature.” They do not show that the powder was delivered to or received by Brooks & Go., the defendant’s agents; and the statement that the powder was taken to the government magazine unmolested by the Spanish government is contradicted by the testimony of one of the witnesses? upon the trial, who averred that “ there was a military officer of the government and a customhouse officer on the lighter to see that the powder got to the magazine.” It may be that the lighters which took the powder from the vessel to the magazine belonged to the defendant’s agents; but, unless they were entitled to receive and take it, unmolested by the government, it was not a delivery pursuant to the contract between the parties. The letter of the principal commander of artillery, even if we overlook the fact that it was not an official document or transcript, and was not sworn to or certified, merely gives, on information, such facts as he learned about the powder. It is made clear that, by order, his superior appointed a military officer to make an inspection of the powder, and to that end it was taken to the Punta Blanca powder magazine, where it remained for nine months after the time it should have been delivered to defendant’s agents-; and the request of the latter for delivery of the powder “ was refused, because they had imported the same into the island without competent authorization.” This letter tends to show that the powder was actually taken by the authorities at the time it arrived in the harbor; and, as this was the very question involved upon the trial, instead of militating against, it rather strengthens, the conclusion reached by the jury upon the disputed evidence,—that there was no delivery to the defendant, but that the attempt to deliver it resulted in its being placed in the government magazine, and the imposition of a fine upon the defendant’s agents. As said in the opinion upon the former appeal, while there was some doubt about everything in regard to just how the government took possession, whether upon the lighters of the defendant or upon government lighters, two salient facts clearly appeared,—“ one, that the plaintiff entered into a contract to deliver the powder in Santiago de Cuba; and the other, that it was seized, when it arrived there, by the Spanish authorities, and the defendants agents fined the amount which is the basis of the counterclaim. It was not seriously disputed or brought in question as to the amount of the. fine paid by the defendant and found by the jury; and, the parties not *486 having litigated that below, it is too late to urge it upon the appeal.’’
We do not think that the newly-discovered evidence, if it was competent, would in any way change the result upon these two principal questions, upon which the liability of the plaintiff for failure to. deliver must rest. As pointed out, they rather strengthen the view that the powder was not delivered to the defendant for some nine months after its arrival; and there is not the slightest intimation that, as the result of the attempt to introduce it, the defendant’s agents were not fined the amount which they alleged, and proved upon the trial, they were obliged to pay to the government. The statement in the letter of the military commander that the defendant’s agents, some nine months afterwards, obtained the powder, is fully explained by the affidavit-in answer, wherein it appears that the agents of the defendant were compelled by the Cuban authorities to take the powder, under a threat of a penalty of from $200 to $250 a month, for storage, if they failed to do so, and that, to avoid paying this amount, they received the powder, which was then found to be dampened and utterly unfit for use ; said uselessness having been caused by the corrosion of the cans, and the admission of dampness thereby to the power, while in the possession of the authorities. It can hardly be claimed that a delivery, under such circumstances and at such a time, of power in that condition was any such delivery as was contemplated by the agreement between the parties.
Apart, therefore, from the question as to laches in making the application, and the errors upon unimportant details, into which some of the plaintiff’s affiants have fallen, and for the reason, appearing, that such evidence would not be likely to change the result reached upon the trial, we think the motion was properly denied below, and that the order should be affirmed, with $10 costs and. disbursements.
All concur.